**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Tomasello, | No. CIV 06-0779-PHX-SMM |
| Plaintiff, | **ORDER** |
| vs. | |
| North Arkansas Wholesale Inc., et al., | |
| Defendants. | |

Pending before the Court is Plaintiff David Tomasello's ("Plaintiff") Objection to Memorandum Decision and Order, which will be construed as a Motion to Reconsider (Doc. No. 26)  Plaintiff objects to the Court's Order granting Defendants' Motion to Dismiss for Failure to State a Claim. (Doc. No. 24)  The Court will overrule Plaintiff's Objection for the reasons set forth below.

## I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider."  A litigant subject to an adverse judgment may file either a motion to alter or amend the judgment under Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b).  However, these rules only provide relief from judgments that are "final, appealable orders."  United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000).  Rule 59(e) allows for the alteration or amendment of a "judgment" within ten days after "entry of the judgment," FED. R. CIV. P. 59(e), where "judgment" is defined as a decree and any order from

1  which an appeal lies. FED. R. CIV. P. 54(a). Rule 60(b) does not provide relief from

2  judgments, orders, or proceedings which are not "final," that is, are not final decisions within

3  the meaning of 28 U.S.C. § 1291 and generally cannot be appealed immediately. See Sch.

4  Dist. No. 5 v. Lundgren, 259 F.2d 101, 104 (9th Cir. 1958); see also FED. R. CIV. P. 60(b)

5  advisory committee's note ("The addition of the qualifying word 'final' emphasizes the

6  character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and

7  hence interlocutory judgments are not brought within the restrictions of the rule, but rather

8  they are left subject to the complete power of the court rendering them to afford such relief

9  from them as justice requires.").

10  Nevertheless, the trial court has the inherent power to reconsider, set aside, or amend

11  interlocutory orders at any time prior to entry of a final judgment. Lundgren, 259 F.2d at

12  104; see generally also John Simmons Co. v. Grier Bros. Co., 258 U.S. 82 (1922).

13  Under the "law of the case doctrine," courts do not "reexamine an issue previously

14  decided by the same or higher court in the same case." Lucas Auto. Eng'g, Inc. v.

15  Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th Cir. 2001). The doctrine is not a

16  limitation on a tribunal's power, but rather a guide to discretion. Arizona v. California, 460

17  U.S. 605, 618 (1983). A court may have discretion to depart from the law of the case where:

18  (1) the first decision was clearly erroneous; (2) there has been an intervening change of law;

19  (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a

20  manifest injustice would otherwise result. United States v. Alexander, 106 F.3d 874, 876

21  (9th Cir. 1997). A district court abuses its discretion when it departs from the doctrine of the

22  law of the case without one of these five requisite conditions. Thomas v. Bible, 983 F.2d

23  152, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993).

## II. DISCUSSION

25  In an Order dated August 13, 2007, the Court found that Plaintiff's claims were time-

26  barred pursuant to 42 U.S.C. § 2000e-5(e)(1) and subsequently dismissed his Complaint.

27  Plaintiff responded by filing the instant motion, containing ten objections that are either

28  conclusory or repetitive. For example, Plaintiff accuses the Court of committing perjury and

treason (Dkt. 26, "First Objection"), treating the Constitution of the United States with contempt (Id., "Second Objection") and perpetrating a fraud (Id., "Third Objection).   In addition, Plaintiff argues that the doctrine of equitable tolling applies to this case since the Equal Employment Opportunity Commission ("EEOC") provided him with false information regarding his right to sue, which is an argument that was considered and ultimately rejected by the Court's previous Order granting Defendants' Motion to Dismiss. (Id., "Eight Objection" and "Tenth Objection"). Because Plaintiff has not demonstrated that any conditions requisite for departing from the law of the case exist, the Court will deny his objection.

### III. CONCLUSION

Accordingly, for the reasons set for above,

**IT IS ORDERED OVERRULING** Plaintiff's Objection to Memorandum Decision and Order. (Doc. No. 26)

DATED this 5th day of September, 2007.

Stephen M. McNamee
United States District Judge